```
IN THE UNITED STATES DISTRICT COURT
    FOR THE NORTHERN DISTRICT OF IOWA
              WESTERN DIVISION
```

| | |
|---|---|
| **MARIANNE HANZL,**<br><br>      Plaintiff,<br><br>vs.<br><br>**ROBERT L. COLLIER AND**<br>**GERTRUD M. COLLIER**,<br><br>      Defendants. | **No. 10-CV-4122-DEO**<br><br>ORDER ON REPORT AND<br>RECOMMENDATION |

Before the Court and on file at Docket No. 74 is the Report and Recommendation ("R&R") issued by Magistrate Judge Leonard T. Strand concerning the Plaintiff's Motion to Abate.[1] Docket No. 58. The Magistrate's R&R, dated January 31, 2014, recommends entering:

> an order granting plaintiff's motion (Doc. No. 58) for entry of a preliminary deficiency judgment by (a) finding that the defendants owe $23,291.42 to the plaintiff pursuant to his prior order (Doc. No. 52) enforcing the parties' settlement agreement, but (b) deferring the entry of final judgment until a determination is made as to whether that amount should be adjusted to reflect any income tax liability that may accrue to plaintiff due to her sale of the West Street Property.

---

[1] Ms. Hanzl's Docket No. 58 was originally filed as a status report. Magistrate Strand saw fit to consider it as a Motion to Abate, and this Court will continue to style it in that manner.

Docket No. 74, p. 15-16. Neither party has filed an objection to the Magistrate's R&R.

**I.   STANDARD**

Pursuant to statue, this Court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1).

Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's Report and Recommendation on dispositive motions and prisoner petitions, where objections are made as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommendation decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

2

Additionally, failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. <u>United States v. Wise</u>, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**II. ANALYSIS**

The facts of the above captioned case have been extensively detailed in the Magistrate's prior R&R, Docket No. 42; the Court's prior Order Accepting the Magistrate's R&R, Docket No. 52; and the Magistrate's current R&R, Docket No. 74. In short, Ms. Hanzl, a German national, made the ill fated decision to befriend the Colliers. Ms. Hanzl, residing in Germany, used the Colliers as her agents to sell a property she owned in Arizona. The Colliers sold Ms. Hanzl's property but did not remit the money to Ms. Hanzl. Ms. Hanzl eventually brought the present suit against the Colliers to recover the value of the property. In 2012, the parties held a settlement conference with then Magistrate Zoss. The parties reached a tentative agreement after the settlement conference and the Court stayed any further proceedings.

However, several months later, the Colliers had not acted on the agreement and Ms. Hanzl was forced to file a Motion to Enforce Settlement. Magistrate Strand initially considered that Motion and concluded that Ms. Hanzl was entitled to $262,500. Because the Colliers had not paid that amount, the Magistrate concluded Ms. Hanzl was entitled to sell a property in Sioux City that the Colliers had used as security for the prior agreement. All told, the Magistrate found that Ms. Hanzl was entitled to $262,500. However, the Magistrate found that Ms. Hanzl was not entitled to an award of attorneys fees under Iowa law. Finally, the Magistrate found that:

> If the net sale proceeds [of the Colliers' property] are less than $262,500, judgment will be entered against both defendants, jointly and severally, for the amount of the deficiency, unless the court adjusts the amount of the deficiency based on any objections the Colliers file with regard to the sale of the property.

Docket No. 52, p. 12-13. This Court subsequently adopted the Magistrate's findings.

Ms. Hanzl subsequently sold the Colliers' property for a *gross* sum of $275,000. However, Ms. Hanzl reported that she had to pay sale related expenses totaling $51,431.62. Accordingly, after expenses, she recovered a net total of

4

$223,568.38 from the sale of the Colliers' property. Accordingly, Ms. Hanzl concluded that she was entitled to a deficiency judgment of $38,931.62 against the Colliers.[2]

In the present R&R, Magistrate Strand considered Ms. Hanzl's claimed deficiency of $38,931.62. Magistrate Strand affirmed that Ms. Hanzl is entitled to a deficiency judgment generally. Magistrate Strand also stated that sale price of the property was appropriate. Magistrate Strand then stated that Ms. Hanzl is entitled to deduct reasonable sales related expenses from the gross proceeds of the Colliers' property when computing the deficiency.[3]

Magistrate Strand approved most of Ms. Hanzl's expenses in figuring the deficiency. However, he did take issue with

---

[2] These totals do not reflect income tax considerations. Magistrate Strand withheld ruling on the income tax considerations until after a status hearing that is scheduled for March 4, 2014.

[3] Magistrate Strand reasons, and this Court agrees, that the Colliers knew Ms. Hanzl was an elderly woman living in Germany and that she would incur expenses when she was forced to try and sell a home in Sioux City, Iowa. If the Colliers had wanted to avoid those expenses, they could have sold the property themselves, as the agreement originally intended. Finally, Magistrate Strand notes that the Colliers took actions that increased sales related costs, such as removing cabinets and otherwise leaving the property in poor condition.

the some of the expenses paid to Mr. Jackson, Ms. Hanzl's attorney. The Magistrate restated the fact that the Court concluded in its previous Order that Ms. Hanzl is not entitled to an award of attorney's fees. He then concluded that Ms. Hanzl was allowed to claim some expenses that Mr. Jackson incurred while he acted as her sales agent. The Magistrate stated:

> In short, nothing about Iowa law, this court's prior orders or the parties' negotiations creates a bright-line rule prohibiting the deduction of Mr. Jackson's fees as transaction-related expenses. The remaining issue is what amount, if any, of those fees can reasonably be deducted from the gross sales price on that basis.

Docket No. 74, p. 11.

Magistrate Strand considered the scope of Mr. Jackson's services, limiting any recovery to 'transaction related expenses.' The Magistrate excluded expenses that could be considered 'traditional' legal services. He also limited deductible expenses to those incurred on or after July 30, 2013. Finally, he found that Mr. Jackson's claimed hourly rate exceeded what is reasonable for the services performed. Instead, Magistrate Strand determined that $200 is an

appropriate rate for Ms. Hanzl to deduct related to Mr. Jackson's services. He concluded that:

> That results in an allowable deduction of $9,000.00 for Mr. Jackson's services. When combined with the other transaction-related expenses discussed earlier, the total, allowable transaction-related expenses are $35,791.42. When those expenses are charged against the gross sales price of $275,000, the Colliers are entitled to a credit in the amount of $239,208.58 against the $262,500 that they owe to Hanzl pursuant to the settlement agreement. Thus, at this stage of the case I find that the deficiency still owing from the Colliers to Hanzl is $23,291.42. If judgment were to be entered today, I would recommend that it be entered in that amount.

Docket No. 74, p. 15.

The Court has reviewed the Report and Recommendation, along with the entire file, and finds Judge Strand's analysis and recommendations are appropriate and correct.[4] Accordingly, the Court will adopt Magistrate Strand's Report and Recommendation.

---

[4] Although this Court will not set out the Magistrate's entire Report and Recommendation, it is incorporated in its entirety by reference.

**III.  CONCLUSION**

For the reason's set out above, the Court adopts the R&R (Docket No. 74), and the Court Orders that Ms. Hanzl is entitled to a <u>preliminary</u> deficiency award in the amount of $23,291.42 from the Colliers.  However, the Court defers entering a final judgment until after the income tax liability issue is resolved by Magistrate Strand.

**IT IS SO ORDERED** this 25th day of February, 2014.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa