IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

**MARIANNE HANZL,**

  Plaintiff,

vs.

**ROBERT L. COLLIER AND GERTRUD M. COLLIER**,

  Defendants.

No. 10-CV-4122-DEO

ORDER ON REPORT AND RECOMMENDATION

Before the Court and on file at Docket No. 84 is the Report and Recommendation ("R&R") issued by Magistrate Judge Leonard T. Strand concerning entry of final judgment in the above captioned case.

## I. BACKGROUND

The Court has previously detailed the facts of this case in the Magistrate's prior R&R, Docket No. 42, the Court's prior Order Accepting the Magistrate's R&R, Docket No. 52, and another prior R&R, Docket No. 74. In short, Ms. Hanzl, a German national, made the ill fated decision to befriend the Colliers. Ms. Hanzl, residing in Germany, used the Colliers as her agents to sell a property she owned in Arizona. The Colliers sold Ms. Hanzl's property but did not remit the money to Ms. Hanzl. Ms. Hanzl eventually brought the present suit

against the Colliers to recover the value of the property. In 2012, the parties held a settlement conference with then Magistrate Zoss. The parties reached a tentative agreement after the settlement conference, and the Court stayed any further proceedings.

However, several months later, the Colliers had not acted on the agreement and Ms. Hanzl was forced to file a Motion to Enforce Settlement. Magistrate Strand initially considered that Motion and concluded that Ms. Hanzl was entitled to $262,500. Because the Colliers had not paid that amount, the Magistrate concluded Ms. Hanzl was entitled to sell a property in Sioux City that the Colliers had used as security for the prior agreement. All told, the Magistrate found that Ms. Hanzl was entitled to $262,500. However, the Magistrate found that Ms. Hanzl was not entitled to an award of attorneys fees under Iowa law. Finally, the Magistrate found that:

> If the net sale proceeds [of the Colliers' property] are less than $262,500, judgment will be entered against both defendants, jointly and severally, for the amount of the deficiency, unless the court adjusts the amount of the deficiency based on any objections the Colliers file with regard to the sale of the property.

Docket No. 52, p. 12-13.

Ms. Hanzl subsequently sold the Colliers' property for a gross sum of $275,000. However, Ms. Hanzl reported that she had to pay sale related expenses totaling $51,431.62. Accordingly, after expenses, she recovered a net total of $223,568.38 from the sale of the Colliers' property. Accordingly, Ms. Hanzl concluded that she was entitled to a deficiency judgment of $38,931.62 against the Colliers. In a prior Report and Recommendation, dated January 31, 2014, Magistrate recommended entering:

> an order granting plaintiff's motion (Doc. No. 58) for entry of a preliminary deficiency judgment by (a) finding that the defendants owe $23,291.42 to the plaintiff pursuant to his prior order (Doc. No. 52) enforcing the parties' settlement agreement, but (b) deferring the entry of final judgment until a determination is made as to whether that amount should be adjusted to reflect any income tax liability that may accrue to plaintiff due to her sale of the West Street Property.

Docket No. 74, p. 15-16. The Court adopted that R&R in Docket No. 75. As stated above, the Magistrate's prior R&R did not reflect adjustments based on potential income tax liability. On June 16, 2014, the Plaintiff filed a Motion for Final Deficiency Judgment. Docket No. 82. On July 24, 2014, Magistrate Strand entered a new R&R regarding Docket No. 82.

In that R&R Magistrate Strand stated:

> [in the prior R&R I made] a preliminary finding was made that Hanzl was entitled to judgment against the Colliers in the amount of $23,291.42. However, the entry of final judgment was deferred pending possible adjustments based on an income tax issue. Doc. No. 75 at 8. Now, based on the additional information provided by Hanzl and the lack of any objection by the Colliers, I find that Hanzl's request reflects the appropriate final resolution of this case. As such, I RESPECTFULLY RECOMMEND that Judge O'Brien enter an order directing the Clerk to enter final judgment in favor of Hanzl, and against the Colliers, in the amount of $25,266.42.

Docket No. 84, p. 1. Neither party has object to Magistrate Strand's current R&R.

## II. STANDARD

Pursuant to statue, this Court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1).

Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's Report and Recommendation

4

on dispositive motions and prisoner petitions, where objections are made as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommendation decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

Additionally, failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. United States v. Wise, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

## III. ANALYSIS

The Court has reviewed the Report and Recommendation, along with the entire file, and finds Judge Strand's analysis and recommendations are appropriate and correct.[1] For the

---

[1] Although this Court will not set out the Magistrate's entire Report and Recommendation, it is incorporated in its entirety by reference.

reasons set out in Docket No. 75, the Court is persuaded that Magistrate Strand has correctly considered which expenses should be attributable to the Colliers. Because the information provided by the Plaintiff in Docket No. 82 sets out an additional tax liability of $1,975, the Court will adopt Magistrate Strand's Report and Recommendation that final judgment be entered in the amount of $25,266.42.

IV. **CONCLUSION**

For the reason's set out above, the Court adopts Magistrate Strand's Report and Recommendation and Orders that Ms. Hanzl is entitled to a <u>final</u> deficiency award in the amount of $25,266.42 from the Colliers. Accordingly, the Plaintiff's Motion for a Final Deficiency Judgment, Docket No. 82, is **GRANTED**.

**IT IS SO ORDERED** this 18th day of August, 2014.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa